IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANDRIQUE ROOK,<br><br>      Defendant. | CRIMINAL ACTION<br><br>NO. 1:15-CR-380-SCJ-CMS-1 |

**ORDER AND REPORT AND RECOMMENDATION**

This case is before the Court on Defendant's Motion to Suppress Statements [Doc. 25], Motion to Reveal Confidential Informant [Doc. 26], and Motion to Dismiss Count Two of the Indictment [Doc. 27].

**I.     BACKGROUND**

According to the Government, this case arises out of an undercover gun buy that turned into an armed robbery of a confidential informant, CI-4621 ("the CI"). The Government alleges that on August 14, 2015, Defendant Andrique Rook ("Defendant") and a juvenile co-conspirator robbed the CI at gunpoint, stole approximately $1,000 in government-owned currency, and fled to a nearby wooded area. The Government states that when Defendant was apprehended by law enforcement, he was in possession of the firearm used during the robbery

(which was stolen), and he had a large sum of money in his underwear.  Defendant also allegedly made certain incriminating statements.

The Government charged Defendant in a three-count indictment.  Count One alleges that Defendant assaulted a person who was an officer and employee of a federal agency, and was assisting federal officers and employees in their official duties, in violation of 18 U.S.C. § 111.  Count Two alleges that Defendant brandished a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  Count Three alleges that Defendant was in possession of a stolen firearm, in violation of 18 U.S.C. § 922(j).

## II.   DISCUSSION

### A. Motion to Suppress Statements [Doc. 25]

Defendant moves to suppress any and all statements made on August 14, 2015, the date of the incident.  In response, the Government states that it will not introduce as evidence in its case-in-chief any of Defendant's post-arrest statements made on August 14, 2015.  Although this motion to suppress was set for an evidentiary hearing, both sides agreed that the hearing was not necessary and that the motion is moot based on the Government's clear statement that it does not intend to use the August 14, 2015 statements in its case-in-chief.  Accordingly, Defendant's Motion to Suppress Statements [Doc. 25] is **DENIED AS MOOT**.

### B. Motion to Reveal Confidential Informant [Doc. 26]

Defendant also moves to require the Government to disclose the name, address, file, and any other identifying information concerning the CI. In support of its argument that the information must be disclosed, Defendant argues that the sole evidence of the alleged assault will come from the CI's testimony. According to Defendant, because the entirety of the evidence against him relies on the testimony of the CI, the identity of the CI must be revealed.

In response, the Government argues that it should not have to disclose the requested information at this stage of the proceedings because it intends to call the CI as a witness at trial, at which time Defendant will have the opportunity to cross-examine the CI. The Government states that it will not be seeking to maintain the privilege against disclosing the identity of the CI and will disclose the identity of that informant, as well as any <u>Jencks</u> and <u>Giglio</u> material, in due course prior to trial. Specifically, the Government states that it will follow the custom of this district by providing <u>Jencks</u> and <u>Giglio</u> materials to the defense at least one week in advance of trial. According to the Government, this representation moots Defendant's motion. Furthermore, the Government asserts that disclosure of the CI's identity at this time would jeopardize both the CI's personal safety and the integrity of certain criminal investigations in which the CI is involved.

The Government has the privilege to withhold from disclosure the identity of its informants, but this privilege is limited. In Roviaro v. United States, 353 U.S. 53, 77 S. Ct. 623 (1957), the Supreme Court reversed a criminal conviction where the defendant had been denied access to a confidential informant. The Supreme Court set forth a balancing test in which a court must take into account the particular circumstances of each case, the crime charged, possible defenses, and the potential significance of the informant's testimony. Roviaro, 353 U.S. at 62, 77 S. Ct. at 628-29. If disclosure is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61, 77 S. Ct. at 628. See also United States v. Rutherford, 175 F.3d 899, 901 (11th Cir. 1999); United States v. Gutierrez, 931 F.2d 1482 (11th Cir. 1991); United States v. Kerris, 748 F.2d 610, 613-14 (11th Cir. 1984). The Eleventh Circuit has adopted a three-pronged inquiry when applying the Roviaro balancing test, which considers: (1) the extent of the informant's participation in the criminal activity; (2) the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant; and (3) the Government's interest in not disclosing the identity of the informant. See United States v. Tenorio-Angel, 756 F.2d 1505, 1509 (11th Cir. 1985) (citing United States v. Kerris, 748 F.2d 610 (11th Cir. 1984) (other citations omitted)). The

Government's interest may be proved by showing that disclosure might endanger the informant or other investigations.  Id.  The burden is on the defendant to establish that the Roviaro criteria in a particular case counsel in favor of disclosure; the defendant must make a sufficiently specific demonstration of the relevancy and potential helpfulness of the informer's testimony.  See Rugendorf v. United States, 376 U.S. 528, 534-35, 84 S. Ct. 825, 829 (1964); United States v. Ayala, 643 F.2d 244, 247 (5th Cir. 1981).[1]

    Here, Defendant's motion is due to be denied for two reasons.  First, I agree with the Government that at the early stages of a case, the Government need not disclose the identity of an informant who will testify at trial.  See, e.g., United States v. Isaola, et al., Crim. Action No. 4:10-cr-43-RLV-WEJ, Docket No. 131 at 4 (N.D. Ga. Jan. 29, 2011) (Johnson, M.J.) ("The undersigned agrees that the Government need not reveal the CI's identity at this time, given that [it] intends to call the CI as a witness at trial"); United States v. Lozano-Vasquez, Crim. Action No. 1:11-cr-302-SCJ-ECS, Doc. 96 at 3 (Scofield, M.J.) ("Roviaro was not intended to create an exception to the general rule that the government need not

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

provide defendant with a list of its witnesses until trial; rather, Roviaro is intended to ensure that a defendant will have access to an informant if such person will not be a witness but, nonetheless, is 'relevant and helpful to the defense of the accused.'").  In making this ruling, I note that Defendant has cited no governing precedent or persuasive authority for the proposition that the Government must disclose the CI's identity and location at this stage of the proceedings, where the Government has stated its intention to call the CI as a witness during trial.[2]

Second, Defendant has not carried his burden under the three Roviaro factors.  Even if he established the first factor—the extent of the CI's participation in the criminal activity—he has not made an adequate showing for the second

---

[2] Defendant cites cases that are either in a different posture than the instant case or address different legal issues.  [Doc. 26 at 4-5] (citing United States v. Godkins, 527 F.2d 1321, 1325 (5th Cir. 1976) (holding that a defendant has a right to call as a witness at his trial an alleged government informer whose identity is already known to the defendant); United States v. Jackson, 345 F.3d 59, 69-70 (2nd Cir. 2003) (addressing the sufficiency of the government's disclosure and holding that disclosure of the informant's name, social security number, and criminal record satisfied the Roviaro disclosure requirements); United States v. Rutherford, 175 F.3d 899, 902-03 (11th Cir. 1999) (addressing the disclosure issue where the confidential informants did not testify at trial)); [Doc. 38 at 3-4] (citing United States v. Opager, 589 F.2d 799, 803 (1979) (addressing the Government's refusal to provide contact information for an informant prior to trial, and thereby denying the defendant any opportunity to interview the witness prior to trial); United States v. Gutierrez, 931 F.2d 1482, 1491 (11th Cir. 1991) (holding that the district court did not abuse its discretion in denying defendants' motion to compel disclosure of identity of confidential informant)).

factor, a direct relationship between his defense and the probable testimony of the CI.  See United States v. Kerris, 748 F.2d 610, 614 (11th Cir. 1984) (per curiam) ("The defendant must show that the informant's testimony would significantly aid in establishing an asserted defense.") (citation omitted).  Here, Defendant has stated only that early disclosure would help him "prepare a defense," but he has not indicated what defense that might be or why the CI's testimony would significantly assist in developing that defense.  As for the third factor, the Government asserts that pretrial disclosure would endanger the CI and jeopardize the integrity of certain criminal investigations, and Defendant has failed to rebut that assertion.  Accordingly, Defendant's Motion to Reveal Confidential Informant [Doc. 26] is **DENIED**.

### C. Motion to Dismiss Count Two of the Indictment [Doc. 27]

In Count Two of the indictment, the Government alleges that Defendant violated 18 U.S.C. § 924(c) by knowingly brandishing, carrying, and using a firearm during and in relation to a crime of violence, i.e., assault on a person assisting federal officers, 18 U.S.C. § 111(a)(1) and (b).  [Doc. 14].  Defendant moves to dismiss Count Two of the indictment, arguing that the predicate offence—assault on a federal officer under 18 U.S.C. § 111—is not a "crime of violence," as that phrase is defined in § 924(c)(3).  For an offense to qualify as a

"crime of violence" under § 924(c), the conviction must fall under either §924(c)'s "force clause" (§924(c)(3)(A)) or its "residual clause" (§924(c)(3)(B)).[3] As discussed in more detail below, Defendant argues that a violation of the statute set forth in Count One—18 U.S.C. § 111—cannot, as a matter of law, satisfy the "force clause." And, he argues that the "residual clause" is unconstitutional. [Id.]. Thus, according to Defendant, Count Two, which is based on the predicate offense stated in Count One, must be dismissed.

With respect to the "force clause," Defendant argues that the predicate offense must have an element of "physical force." Defendant points out that the Supreme Court has defined the term "physical force" as "violent force—that is, force that is capable of causing physical pain or injury to another person." [Doc. 27 at 5] (citing Johnson v. United States, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010)). Then, citing the Supreme Court decision Descamps v. United States , __ U.S.__, 133 S. Ct. 2276, 2283 (2013) and other cases addressing sentencing enhancements, Defendant argues that the determination of whether a predicate

---

[3] The "force clause" provides that the term "crime of violence" means an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. §924(c)(3)(A). The "residual clause" provides that the term "crime of violence" also means an offense that is a felony and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §924(c)(3)(B).

offense qualifies as a "crime of violence" should be resolved using the "categorical approach" which requires that courts "look only to the statutory definitions—i.e., the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]." [Id. at 4-5]. According to Defendant, the predicate offense charged in the instant indictment does not qualify as a "crime of violence" because it can be accomplished by resisting, opposing, impeding, intimidating, or interfering— actions that do not necessarily require the use, attempted use, or threatened use of "violent force." [Id.].

In response to the "force clause" arguments, the Government argues that the cases upon which Defendant relies for his contention that the "categorical approach" should be used to evaluate whether a crime is a proper predicate offense for purposes of § 924(c) are inapplicable. According to the Government, Defendant's cases, including Descamps, do not apply because they deal with a retrospective analysis of convictions for the purposes of applying sentencing enhancements based on criminal history. [Doc. 36 at 2]. According to the Government, the "categorical approach" advocated by Defendant should not be used in the context of a pretrial motion to dismiss an indictment; rather, the question of whether the commission of a particular offense qualifies as a § 924(c) "crime of violence" must be submitted to a jury. Only a jury, applying the proper

instructions regarding the definition of a "crime of violence" set forth in § 924(c)(3) can decide whether that element is satisfied.  [Id. at 4-7].

I agree with the Government that it is inappropriate to apply the categorical approach espoused by Defendant in the context of a pretrial motion to dismiss. The phrase "crime of violence" is an element of the § 924(c) offense—rather than a sentencing factor—and therefore must be submitted to a jury and found beyond a reasonable doubt.  The task of assessing whether the facts of the predicate offense fit the definition of "crime of violence" set forth in § 924(c)(3) belongs to the jury.

The case law upon which Defendant relies is inapplicable here.  Those cases address the difficulties of determining on a "cold record" at sentencing whether a *previous* conviction qualifies as a "crime of violence." A District Court in the Western District of Pennsylvania recently discussed this issue, stating:

> The categorical approach was created and applied for situations when a sentencing court had to make a determination based on a defendant's *previous* conviction as to whether the prior conviction qualified as a statutorily defined "crime of violence," which if the prior conviction did qualify it would have the effect of increasing the penalty for the defendant.  This implicates Sixth Amendment constitutional concerns since a sentencing court necessarily was looking into the past at a bare and often incomplete record, where it was uncertain as to the exact conduct the particular defendant engaged in to warrant his conviction.
>
> On a pretrial motion to dismiss we do not face any of these concerns. The burden will be on the government to establish every element of the charged offenses, including whether the defendant has engaged in

>conduct that equates to the element of a crime of violence. A properly charged jury will then arrive at its conclusion and the Court, the defendant, and the government will know by the jury's verdict whether the defendant engaged in a statutorily defined crime of violence based on the facts as established at trial.

United States v. Monroe, Crim. No. 15-74, 2016 WL 270316, at *6 (W.D. Pa. Jan. 21, 2016) (italics in original).

The practical difficulties facing sentencing courts that give rise to the categorical approach simply are not present at the pretrial stage of criminal proceedings. In this case, the jury will decide whether the Government has proved the elements of all of the alleged crimes beyond a reasonable doubt, including whether the facts of the predicate offense—in this case, assault on a person assisting federal officers—establish that the predicate offense is a crime of violence for purposes of § 924(c). Accordingly, Defendant's motion to dismiss should be denied on this basis. See Monroe, 2016 WL 270316, at *6; United States v. McDaniels, No. 1:15-cr-171, 2015 WL 7455539, at *4 (E.D. Va. Nov. 23, 2015) (observing that "the categorical approach is a judicially devised mode of analysis born and developed in the sentencing context for the purpose of ensuring that defendants are not punished for facts that are not found beyond a reasonable doubt by a jury."); United States v. Wells, No. 2:14-cr-280, 2015 WL 10352877, at *4 (D. Nev. Dec. 30, 2015) ("the categorical approach does not apply with respect

to a pretrial motion to dismiss charges brought under 18 U.S.C. § 924(c)") adopted by No. 2:14-cr-280, 2016 WL 697107, at *1 (D. Nev. Feb. 19, 2016); United States v. Lavunte Collins, Crim. Action No. 1:14-cr-302-TWT-AJB, Docket No. 53, at 90-91 (N.D. Ga. Feb. 9, 2016) (Baverman, M.J.) (concluding that "it is inappropriate to apply Johnson's backward-looking categorical approach to a pretrial motion to dismiss a § 924(c) charge before the jury gets to decide whether the underlying [offense] constituted a 'crime of violence'").

    In reaching my conclusions on this issue, I recognize that the Eleventh Circuit has applied the retrospective categorical approach in a context outside of sentencing enhancements. In United States v. McGuire, the Eleventh Circuit used the categorical approach to review the sufficiency of the evidence to support a § 924(c) conviction. 706 F.3d 1333, 1336 (11th Cir. 2013). The posture of McGuire, however, is different than that of the present case. In McGuire, the trial judge—as opposed to the jury—had determined as a matter of law that the predicate offense was a crime of violence. Id. at 1335-36 ("the jury found McGuire guilty on Count One: attempting to wreck, damage, or destroy an aircraft in the special aircraft jurisdiction of the United States. . . . It also found that McGuire had used or possessed a firearm in connection with that crime, which the judge determined to be a crime of violence."). It appears that the jury in McGuire

was not called upon to determine whether the Government had indeed proved that the predicate criminal conduct amounted to a "crime of violence," and presumably there were no jury findings as to the specific conduct supporting the § 924(c) charge.  See id. (noting that the trial court instructed the jury that the first element of the firearms offense was that the defendant did commit the crime charged in Count One).  Here, we are still at the pretrial stage.  Assuming that the jury is properly charged and that the verdict form is properly drafted, there should be no reason for any court to employ the categorical approach because there should be no uncertainty as to the exact conduct forming the basis of any conviction under § 924(c).  Thus, at this stage of the proceedings, there simply is no basis to dismiss the § 924(c) count.

Given this conclusion, the Court need not address the questions of whether the predicate offense charged in the indictment constitutes a "crime of violence" under the "categorical approach" or whether § 924(c)'s "residual clause" is constitutional.  See Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 347, 56 S. Ct. 466, 483 (1936) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.").

The Government has alleged in Count One of the indictment that Defendant assaulted a federal officer with a deadly and dangerous weapon, that is, a firearm,

in violation of 18 U.S.C. § 111. [Doc. 14 at 1]. I find this allegation to be sufficient to allege a "crime of violence" necessary to support the allegations in Count Two of the indictment. Therefore, I recommend that that Defendant's Motion to Dismiss Count Two of the Indictment [Doc. 27] be **DENIED**.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Reveal Confidential Informant [Doc. 26] is **DENIED**. I recommend that Defendant's Motion to Suppress Statements [Doc. 25] be **DENIED AS MOOT** and that Defendant's Motion to Dismiss Count Two of the Indictment [Doc. 27] be **DENIED**.

I have now ruled on all referred pretrial matters and have not been advised of any obstacles to setting a trial date. Accordingly this matter is **CERTIFIED READY FOR TRIAL.**

**IT IS SO ORDERED AND RECOMMENDED** this 25th day of March, 2016.

CATHERINE M. SALINAS
United States Magistrate Judge