IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL CASE NO. |
| | : 1:15-CR-380-SCJ |
| ANDRIQUE ROOK, | : |
| | : |
| Defendant. | : |

### ORDER

This matter appears before the Court for consideration of the magistrate judge's March 25, 2016, Report and Recommendation ("R&R") (Doc. No. [43]), in which The Honorable Catherine M. Salinas, United States Magistrate Judge, denied Defendant Andrique Rook's Motion to Reveal Confidential Informant (Doc. No. [26]), recommended that Defendant's Motion to Suppress Statements (Doc. No. [25]) be denied as moot, and Defendant's Motion to Dismiss Count Two of the Indictment (Doc. No. [27]) be denied.

The Court incorporates by reference the factual allegations and legal standards stated in the R&R.

As stated in the R&R, Defendant is charged in a three-count Indictment. Count One alleges that Defendant assaulted a person who was an officer and employee of a federal agency, and was assisting federal officers and employees

in their official duties, in violation of 18 U.S.C. § 111. Count Two alleges that Defendant brandished a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Count Three alleges that Defendant was in possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). Doc. No. [43], p. 2.

In the R&R, the magistrate recommended that Defendant's Motion to Suppress Statements (Doc. No. [25]) be denied as moot, because of the Government's clear statement that it does not intend to use the August 14, 2015 statements in its case-in-chief. Doc. No. [43], p. 2.

The magistrate denied Defendant's Motion to Reveal Confidential Informant (Doc. No. [26]) for two reasons: (1) agreement with the Government that at the early stages of a case, the Government need not disclose the identity of an informant who will testify at trial; and (2) Defendant has not carried his burden under the three Roviaro factors.[1] Doc. No. [43], pp. 5–6.

---

[1] As stated in the R&R (Doc. No. [43], pp. 4–5), in Roviaro v. United States, 353 U.S. 53, 77 S. Ct. 623 (1957), the Supreme Court reversed a criminal conviction where the defendant had been denied access to a confidential informant. The Supreme Court set forth a balancing test in which a court must take into account the particular circumstances of each case, the crime charged, possible defenses, and the potential significance of the informant's testimony. Roviaro, 353 U.S. at 62, 77 S. Ct. at 628-29. If disclosure is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61, 77 S. Ct. at 628. See also United States v. Rutherford, 175 F.3d 899, 901 (11th Cir. 1999); United States v. Gutierrez, 931 F.2d 1482 (11th Cir. 1991); United States v. Kerris, 748 F.2d 610, 613-14 (11th Cir. 1984). The Eleventh Circuit has adopted a three-pronged inquiry when applying the Roviaro balancing test, which considers: (1) the

The magistrate recommended that the Motion to Dismiss Count Two of the Indictment (Doc No. [27]) be denied on the basis that "the jury will decide whether the Government has proved the elements of all of the alleged crimes beyond a reasonable doubt, including whether the facts of the predicate offense — in this case, assault on a person assisting federal officers — establish that the predicate offense is a crime of violence for purposes of § 924(c)." Doc. No. [43], p. 11.

On April 8, 2016, Defendant filed objections to the R&R. Doc. No. [45]. Defendant states that he objects to the conclusions contained in the R&R as to the pending motions.[2] As to the Motion to Reveal Confidential Informant (Doc. No.

---

extent of the informant's participation in the criminal activity; (2) the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant; and (3) the Government's interest in not disclosing the identity of the informant. See United States v. Tenorio-Angel, 756 F.2d 1505, 1509 (11th Cir. 1985) (citing United States v. Kerris, 748 F.2d 610 (11th Cir. 1984) (other citations omitted)). The Government's interest may be proved by showing that disclosure might endanger the informant or other investigations. Id. The burden is on the defendant to establish that the Roviaro criteria in a particular case counsel in favor of disclosure; the defendant must make a sufficiently specific demonstration of the relevancy and potential helpfulness of the informer's testimony. See Rugendorf v. United States, 376 U.S. 528, 534-35, 84 S. Ct. 825, 829 (1964); United States v. Ayala, 643 F.2d 244, 247 (5th Cir. 1981).

[2] As to the motion to suppress statements, Doc. No. [25], in his objections, Defendant discusses the motion and proceedings at the magistrate level. After review of the objections, this Court is unable to find a specific objection to the magistrate's recommendation that the motion to suppress statements be denied as moot based on the Government's indication that it does not intend to use the statements in its case-in-chief. As stated by the Eleventh Circuit, "[p]arties filing objections to a magistrate's report and recommendation must specifically

AO 72A
(Rev.8/82)

[26]), Defendant objects to the magistrate's denial of the motion, to the magistrate's statement that the Defendant had not indicated what his defense might be, and to the magistrate's finding that Defendant had failed to rebut the assertion that pretrial disclosure would endanger the CI and jeopardize the integrity of certain criminal investigations. Doc. No. [45], pp. 6–8. As to the Motion to Dismiss Count Two of the Indictment (Doc. No. [27]), Defendant objects to the magistrate's finding that the question of whether the commission of a particular offense qualifies as a § 924(c) "crime of violence" must be submitted to a jury. Doc. No. [45], p. 10.

When such objections are filed, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

---

identify those findings objected to. [G]eneral objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

§ 636(b)(1). Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.[3]

The Court addresses the Defendant's objections, as follows.

**Objection 1: Motion to Reveal Confidential Informant**

As stated above, Defendant objects to the magistrate's denial of the Motion to Reveal Confidential Informant (Doc. No. [26]), to the magistrate's statement concerning the Rovario factors that the Defendant had not indicated what his defense might be, and to the magistrate's finding that Defendant had failed to rebut the assertion that pretrial disclosure would endanger the CI and jeopardize the integrity of certain criminal investigations. Doc. No. [45], pp. 6–8.

After *de novo* review, the Court overrules Defendant's objections, as the Court finds it determinative that "Defendant has cited no governing precedent or persuasive authority for the proposition that the Government must disclose the CI's identity and location at this stage of the proceedings, where the

---

[3] The district judge must also "read the transcript of the hearing before a magistrate on a motion to suppress, before adopting the magistrate's recommendation." United States v. Elsoffer, 644 F.2d 357, 358 (5th Cir. 1981) (per curiam). Here, there was no suppression hearing. Accordingly, there is no suppression hearing transcript for this Court to read. There is, however, a transcript of the preliminary hearing and detention hearing which Defendant references in his motion to reveal confidential informant, Doc. No. [12]. The Court has reviewed said transcript.

5

Government has stated its intention to call the CI as a witness during trial." Doc. No. [43], p. 6; see United States v. Lozano-Vasquez, Crim. Action No. 1:11-cr-302-SCJ-ECS, Doc. 96 at 3 (Scofield, M.J.) ("Roviaro was not intended to create an exception to the general rule that the government need not provide defendant with a list of its witnesses until trial; rather, Roviaro is intended to ensure that a defendant will have access to an informant if such person will not be a witness but, nonetheless, is 'relevant and helpful to the defense of the accused.'").

Accordingly, the Court amends the magistrate's order to provide that Defendant's Motion to Reveal Confidential Informant is **DENIED** without prejudice and with leave to renew in the event that the Government changes course and declines to name the confidential informant on its trial witness list.

**Objection 2: Motion to Dismiss Count Two of the Indictment**

As stated above, Defendant objects to the magistrate's recommendation for denial of his Motion to Dismiss Count Two of the Indictment (Doc. No. [27]) and finding that the question of whether the commission of a particular offense qualifies as a § 924(c) "crime of violence" must be submitted to a jury. Doc. No. [45], p. 10. Defendant acknowledges that the law has "been in flux" as to "crimes

of violence" and the residual clause found at 18 U.S.C. § 924(c)(3)(B). Doc. No. [45], p. 9. After *de novo*, the Court adopts the magistrate's recommendation.[4]

## CONCLUSION

The Court hereby **ADOPTS** the magistrate's R&R (Doc. No. [43]) as the Order of the Court. Defendant's objections to the R&R (Doc. No. [45]) are hereby **OVERRULED**.

The Court modifies the magistrate's ruling on the Defendant's Motion to Reveal Confidential Informant (Doc. No. [26]) as follows. The motion is **DENIED** without prejudice and with leave to renew in the event that the Government changes course and declines to name the confidential informant on its trial witness list. .

Defendant's Motion to Suppress Statements (Doc. No. [25]) is hereby **DENIED as moot**.

Defendant's Motion to Dismiss Count Two of the Indictment (Doc. No. [27]) is hereby **DENIED**.

---

[4] In the R&R, the magistrate recognized the need for a "properly drafted" verdict form. Doc. No. [43], p. 13. To this regard, the Court **ORDERS** the parties to submit proposed verdict forms, along with their proposed jury charges **seven (7) calendar days** before the date of trial.

IT IS SO ORDERED, this 3rd day of May, 2016.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE